Curia, per

Caldwell, Ch.
To give validity to every deed, it is necessary it should be delivered, and this may be done either formally, or the delivery may be inferred from circumstances, which indicate that the grantor intended to part with the dominion of the instrument, and to put it into the possession of the grantee. The common law required a delivery in every case, whether it be a gift of a personal chattel, or a deed of real or personal estate: the Civil Law only required delivery of some gifts, which, as a class, was very limited, yet the rule was so stringent as to exact an actual tiansilion to perfect the gift. It would seem that there was wisdom in the Common Law’s relaxing the rule requiring a formal delivery, and in permitting the fact of a delivery to be inferred from the circumstances. The situation of parties often aflords the means of coming to a correct conclusion in relation to their declarations or acts- — here, neither the cestui que trust, or trustee, or any one acting for them, was present; they had neither paid any thing or incurred any liability, in consideration of Mrs. Minor’s making the deed; and it may well be doubted whether either of them knew any thing of her intention; it is clear they were ignorant of the contents of the deed. She declined publishing what the instrument was, when one of the witnesses made some objections to subscribing it without knowing it contents, and she seems to have carefully kept not only the control but the actual possession of it through the whole transaction.— Nothing occurred at the time that bears any resemblance to a formal delivery, and the circumstances rebut the presumption of any intention to deliver the deed, as she kept the pos *110 session of it, and made no declaration and did no act that had a tendency to complete its execution.
SJae.^&Walk.
12 Ves John. 254 lb. 337.
Rice Eq. 243.
5 Mason’s Rep-60-
4 Marsh, 573-
There is nothing in this case that is opposed to the rule that has been settled in New York since 1814, and in England, since 1826, that if a deed be signed and sealed, and declared by the grantor in the presence of attesting witnesses, to be delivered as his deed, it is an effectual delivery, if there be nothing to qualify it, notwithstanding the grantee was not present, nor any person on his behalf, and the deed remained under the grantor’s control.
It is not now necessary to consider the doctrine laid down in Cecil v. Butcher, that a Court of Equity will regard the instrument as imperfect, if it be voluntary and never parted with, and executed for a special purpose never acted on, and without the knowledge of the grantee, and in such case will lend no assistance to the grantee.
This case is to be distinguished from those cases where the voluntary conveyances in the grantor’s possession have been held to operate in favor of the grantees, as they were in every instance complete deeds, wanting no other act or declaration to confirm them, but were legal transfers of the ProPerty or title. Antrobus v. Smith, S. Bonnerly v. Arden, Burns v. Winthrop.
It has been argued that this case bears an analogy to Dawson v. Dawson, but a comparison of the evidence will demonstrate the difference — there the affidavit of the witness that the deed had been signed, sealed and delivered, the recording of the deed at the instance, (as was presumed) of the donor, and his subsequent declarations that he held the property in trust for his children, when taken together, left no doubt as to his intention to deliver the deed and to make it irrevocable. There is the absence of all these circumstances in this case, which only resembles that in one point; that in both cases the grantors had possession of the instruments.
In Carr v. Hoxie, an instrument was signed and sealed by the grantor, in the absence of the grantee, but left with a third person, without any express or implied authority to deliver it to the grantee, the Court held it was not the deed of the grantor.
Proof that a deed was signed and attested, and left on the table without delivery to any one, in the absence of the do-nee, was held, in Hughes v. Easten, not to be sufficient evidence of delivery. If delivery could not be presumed from' the facts of these cases, much less can it be in the present case, where the right of Mrs. Minor to the possession of the paper was not suspended for a moment, but her absolute control over it continued from the commencement to the conclusion of the transaction — and no declaration or act shewed that she intended to part with it, or to permit any other person to have the possession of it.
12 Cond. Eng. Ch. Ca. 445.
2 Barn. & C. in 88; 4 Barn. & A. 44.
In Uniacke v. Giles, the Lord Chancellor greatly relied on the circumstance of the grantor’s not depositing the Avith a third person. But he proceeds much further and says, “ 1 will suppose she went through the legal formalities of saying not only, I seal and sign, but I deliver this deed, still these legal ceremonies did not finally conclude her. By carrying the deed back to her depository, she shewed a plain intent not to divest herseli of power over it, but to hold it just as revocable as a will, and whatever words she used, that intent must determine its character.”
Ch. Justice Abbot, in Murray v. Earl Stair, in the case of a conditional delivery, seems to corroborate the conclusion the preceding case; he says “ it is not necessary that any express words should be used at the time; the conclusion must be drawn from all the circumstances.”
The reasonableness of the provision of the deed seems to strengthen the argument that it was delivered, but suppose it had conveyed her whole estate absolutely, would not the contrary conclusion be deduced without doubt, and demonstrate the propriety of her pausing before she consummated the act?
The grantor may have had as cogent reasons before she completed the gift, to keep the control of the instrument in her own hands, as if she had conveyed her whole estate— the future conduct of her children towards her might be much more easily controlled by that means than any other within her power.
The current of decisions has already gone sufficiently far to enable the courts to carry out the intention of the donor and to protect the rights of the donee, but they have never presumed delivery without some evidence that it was the intention of the donor, and no case can be found that would warrant the conclusion, that a delivery had been made, merely because the grantor had signed and sealed the instrument without any further act or declaration.
The disastrous consequences of any such rule cannot be calculated. It would greatly tend to disturb domestic quiet and enkindle inextinguishable feuds in families; and few could feel secure in keeping by them such instruments for further reflection or future actnn, without subjecting themselves to the painful process of having their private papers brought before the Court for its judgment. The second question, as to the instrument being marriage articles, depends upon the same principle — such articles would be void if they were not delivered.
It is therefore ordered and decreed that the appeal be dismissed, and the Circuit decree affirmed.
Johnston & Dtjnkin, CG. concurred.
Dargan, Ch. Absent at the hearing, from indisposition.

Decree affirmed.